O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL T. SHASTEEN,<br><br>  Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>  Defendant. | CASE NO. ED CV 13-02376 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

       Plaintiff Nathaniel T. Shasteen, who has a bad back, asserts that the Administrative Law Judge wrongly discounted his complaints of pain, while determining that he was not disabled.  Plaintiff asserts no other errors.

       The law in this circuit is familiar, and settled.  If a claimant alleges "excess pain" and produces medical evidence of an impairment which reasonably could be expected to produce the pain alleged, then the Administrative Law Judge may reject the claims of pain only if he makes specific findings stating clear and convincing reasons for doing so.  *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).  Plaintiff did present evidence of impairments to his back, and the Administrative Law Judge did find that he had such impairments. [AR 12] Strains to one's back, and degenerative joint disease, can produce pain, so the only issue is whether

the Administrative Law Judge acted within his authority in discounting the extent of the pain that Plaintiff claimed.

The Administrative Law Judge identified a number of factors that legitimately impeached Plaintiff's assertions about the extent of his pain. Objective medical evidence, in the form of conclusions of a physician following an examination, suggested a greater capability — and therefore a greater tolerance for pain — than Plaintiff asserted. [AR 258-63, cited by the Administrative Law Judge, AR 17-18]  Objective evidence alone, of course, cannot disprove an assertion of excess pain, for excess pain is, by definition, that which exceeds norms, but objective evidence is a relevant factor that can combine with other factors to justify discrediting Plaintiff. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Added to the inconsistency with the objective evidence were other credibility determinations that the Administrative Law Judge could properly make. These included Plaintiff's having a spotty prior work history, which suggested a motive other than pain for not working; a criminal record which impeached his veracity; his own inconsistent statements about his capability; and his failure to undergo treatment commensurate with the claimed level of pain. These were all factors the Administrative Law Judge was authorized to consider, for normal techniques of assessing credibility are appropriate. *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (normal techniques, including evaluating reputation as a liar); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (work history, inconsistent statements); *Bunnell, supra*, 947 F.2d at 346 (relevant character evidence, unexplained absence of treatment). The fact that there may be other interpretations of the evidence that are reasonable does not mean that the Administrative Law Judge erred. As long as the interpretation is reasonable and is supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, *supra*, 261 F. 3d at 857.

///
///
///

       The Administrative Law Judge did not err. Accordingly, the decision of the Commissioner is affirmed.

       DATED: October 8, 2014

                                       /s/ Ralph Zarefsky
                                  RALPH ZAREFSKY
                        UNITED STATES MAGISTRATE JUDGE